UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOBETTE PRICE,

Plaintiff,

-v-

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

19-CV-8499 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

The Court granted Price's motion for judgment on the pleadings in her Social Security

appeal and remanded the matter to the Commissioner of Social Security for further

administrative proceedings.  (Dkt. No. 16.)  Now before the Court is Price's motion for

attorney's fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d).

(Dkt. No. 20.)  For the reasons that follow, the Court grants Price's motion and awards attorney's

fees in the amount of $12,608.02.

## I.     Legal Standard[1]

The EAJA provides for an award of "reasonable" fees and expenses.  28 U.S.C.

§ 2412(d)(2)(A).  "The most useful starting point for determining the amount of a reasonable fee

is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  District courts in the Second Circuit

have recognized that, on average, an attorney spends twenty to forty hours on routine social

security cases.  *See, e.g.*, *Forrest v. Colvin*, No. 15 Civ. 1573, 2016 WL 6892784, at *3

---

[1] The Court presumes familiarity with the facts and procedural history of this case as set forth in
its March 31, 2021 Opinion and Order.  (*See* Dkt. No. 16 at 1–2.)

(S.D.N.Y. Nov. 21, 2016); *Titus ex rel. N.M.C. v. Colvin*, No. 12 Civ. 1056, 2014 WL 3534981, at *3 (N.D.N.Y. July 17, 2014); *Scott v. Astrue*, No. 08 Civ. 910A, 2011 WL 32544, at *3 (W.D.N.Y. Jan. 5, 2011).  That said, district courts have "not hesitated . . . to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrant[ ] such an award." *Hiciano v. Apfel*, No. 98 Civ. 4037, 2002 WL 1148413, at *2 (S.D.N.Y. May 29, 2002) (internal quotation marks omitted).  "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).  Under the EAJA, a reasonable hourly rate "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees are capped at $125 per hour unless the court determines that a higher fee is justified due to an increase in the cost of living or other special circumstances.  28 U.S.C. § 2412(d)(2)(A).

Eligibility for a fee award under the EAJA requires: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that 'no special circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990) (quoting the EAJA); *see generally Gomez-Beleno v. Holder*, 644 F.3d 139 (2d Cir. 2011) (applying *Jean*).

## II.   Discussion

Price's counsel seeks attorney's fees in the amount of $12,088.20, representing 57.9 hours of attorney work at a rate of $208.00 and 0.5 hours of paralegal work at $90 per hour. (Dkt. No. 20.)  The Commissioner does not dispute that Plaintiff's counsel is entitled to

reasonable attorney's fees and costs under the EAJA or the reasonableness of the proffered rates. The Commissioner instead contests only the number of hours that Price's counsel billed.  In the Commissioner's view, a number of hours within the average range of twenty to forty hours would be reasonable here because this case was a routine social security matter, Price's counsel is experienced in this area of law, and Price's counsel represented her in the administrative proceedings below.

Though the Court agrees with the Commissioner about the existence of several factors that might support a reduction of hours, it still concludes that Price's counsel's hours were reasonable.  The administrative record in this case was particularly voluminous at 1,551 pages (*see* Dkt. No. 10).  *See, e.g.*, *Santiago v. Comm'r. of Soc. Sec.*, No. 19 Civ. 4001, 2020 WL 7335310, at *4 (S.D.N.Y. Dec. 14, 2020) (describing an administrative record of 1,113 pages as "larger than average"); *Daily v. Comm'r of Soc. Sec.*, No. 18 Civ. 1080, 2020 WL 1322528 (S.D.N.Y. Mar. 19, 2020) (describing an administrative record of 900 pages as "unusually voluminous").  Though Price's counsel represented her in the administrative proceedings below, he did not have access to the certified administrative record until after the Commissioner filed its answer in this action.  "Furthermore, counsel's extensive experience would not substantially reduce he time necessary to review the record and synthesize the information contained therein into a comprehensive statement of facts and arguments with citations to the record." *Santiago*, 2020 WL 7335310, at *4.

Accordingly, the Court concludes that 60.4 hours of attorney time — 57.9 hours for work up to and including drafting the fee application plus 2.5 hours for drafting the reply to the Commissioner's opposition to the fee application — and 0.5 hours of paralegal time were reasonable to provide effective representation to Price during these proceedings.  *Cf. Daily*, 2020

WL 1322528, at *3 (awarding a total of 68.3 hours of attorney time on a case involving a record of 903 pages); *Cautillo v. Berryhill*, No. 17 Civ. 1356, 2019 WL 1147598, at *4 (S.D.N.Y. Mar. 12, 2019) (awarding 43.90 hours of attorney time and 13.10 hours of paralegal time in a case involving a record of 1,551 pages).

III.   **Conclusion**

For the foregoing reasons, the Court awards to Price attorney's fees in the amount of $12,608.02, comprising 60.4 hours of attorney time at a rate of $208 per hour and 0.5 hours of paralegal time at a rate of $90.00 per hour.

The Clerk of Court is directed to close the motion at Docket Number 20.

SO ORDERED.

Dated: May 18, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge